UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HAL B. CALDWELL,**

      Plaintiff,

vs.                                            Civ No.  02-1098 LCS/KBM

**OTERO COUNTY SHERIFF'S
DEPARTMENT, et al.,**

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants John Lee and Jon Anderson's Motion to Dismiss and Memorandum in Support Thereof filed January 8, 2003 *(Doc. 32)*.  Plaintiff filed a Response on February 10, 2003 *(Doc. 41)* and Defendants filed a Reply on February 28, 2003 *(Doc. 46)*.  The parties have each consented to having the United States Magistrate Judge conduct all further proceedings in this matter, pursuant to 28 U.S.C. § 636(c).  The Court, having considered the Motion, the Response, the Reply, the applicable law, and otherwise being fully advised, finds that Defendants' Motion to Dismiss is well-taken and should be **GRANTED.**

### I.  BACKGROUND

Plaintiff, a resident of Otero County, New Mexico.  Compl. ¶1.  Defendants are part of the Otero County Narcotics Enforcement Unit, an entity funded by the federal government, called the High Intensity Drug Trafficking Area (hereinafter "HIDTA").  Compl. ¶2.  The HIDTA are supervised by the Otero County Sheriff's Department (hereinafter, "OCSD") and the Alamogordo Department of Public Safety (hereinafter, "ADPS").  *Id*.  John Lee is the Sheriff of Otero County,

1

and heads the governmental entity which administers funds for the HIDTA task force. Compl. ¶4. John Anderson is a member of the OCSD and a supervisor for the Otero County Narcotics Enforcement Unit, which coordinates HIDTA designated officers. Compl. ¶5.

Plaintiff filed a charge of discrimination of the New Mexico Human Rights Division (hereinafter, "NMHRD") alleging discrimination based on retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and the New Mexico Human Rights Act, N.M. Stat. Ann. 28-1-7(I)(2003), on October 9, 2001. *See* Compl. Ex. 1; Pl. Response Ex. 1. The charge was identified as HRD#01-10-09-0507 and EEOC#39BA200010. *Id*. This charge is the basis of Plaintiff's present suit. Compl. ¶11. The NMHRD issued a letter of Determination of Probable Cause on May 30, 2002. Compl. Ex. 1. The charge of discrimination names Jon Anderson, the Otero County Sheriff's Department, Mike Mirabal, and the Alamogordo Department of Public Safety as the employers who allegedly discriminated against Plaintiff. Pl. Response Ex. 1. The letter of Determination of Probable Cause issued by the NMHRD identified the respondents to Plaintiff's charge as the Otero County Sheriff's Department, Jon Anderson, the Alamogordo Department of Public Safety, and Mike Mirabal. *Id*.

Plaintiff filed a second charge of discrimination with the NMHRD on April 15, 2002. Def. Reply Ex. A; Pl. Response Ex. 1. The second charge named John Lee, Otero County Sheriff's Department, and Jon Anderson as the employer who discriminated against Plaintiff. *Id*. The NMHRD issued a letter of Determination of No Probable Cause on September 3, 2002 as to the second charge, and the charge was dismissed with prejudice. Def. Reply Ex.C. A review of the record does not indicate that Plaintiff filed a Notice of Appeal of the dismissal of the second charge with the district court and this second charge does not form the basis for Plaintiff's

2

Complaint.

Defendants filed their Motion to Dismiss asking that the Court dismiss the claim against John Lee for lack of jurisdiction because of failure to exhaust administrative remedies. Defendants, who have been named in their official capacities, further request that the Court dismiss the claims against them on the basis that suits against individuals in their official capacities are not permitted under Title VII.

## II.    STANDARD.

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

If, on a 12(b)(6) motion, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. FED. R. CIV. P. 12(b).   However, a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends.  *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).   The Court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b). *Id*.  Where the Court relies upon such evidence outside of the pleadings does not convert the motion to a Rule 56

3

motion for summary judgment.  Where a party challenges the facts upon which subject matter jurisdiction depends pursuant to Rule 12(b)(1), "'a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat. Institute of Standards & Technology*, 282 F. 3d 1320, 1324 (10th Cir. 2002) (*quoting Holt v. United States*, 46 F. 3d 1000, 1003 (10th Cir.1995)). Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under FED.R.CIV.P. 56.  *Sizova,* 282 F. 3d at 1324; *see, e.g. Jones v. Runyon*, 91 F. 3d 1398, 1400 (10th Cir. 1996) (holding that the court should examine both Plaintiff's administrative charge and district court complaint in assessing subject matter jurisdiction).

### III.  DISCUSSION.

Count I consists of allegations of discrimination claims under Title VII against the Defendants. Count II consists of allegations of discrimination under the NMHRA.  New Mexico substantive law applies to this supplemental state law claims.  *BankOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F. 3d 1089, 1103 (10th Cir. 1999).  A plaintiff may not sue an individual defendant under the NMHRA unless she has exhausted administrative remedies against that individual.  *Luboyeski v. Hill*, 117 N.M. 380, 382, 972 P.2d 353, 355 (1994).   In this case, Plaintiff failed to name Defendant Lee in the administrative charge of discrimination which is the basis of this matter.  Compl. Ex. 1; Pl. Response Ex. 1; Def. Reply Ex. 2.  That Plaintiff named John Lee is a separate charge which was not appealed is immaterial.  As the Court noted in *Luboyeski*, "individual defendants cannot be sued in district court under the Human Rights Act

4

unless and until the complainant exhausts her administrative remedies against them." *Luboyeski*, 117 N.M. at 382-383, 972 P.2d at 355. Defendant Lee thus cannot be sued until Plaintiff has exhausted his administrative remedies against him. Having never named Lee in the charges upon which this suit is based, Plaintiff has clearly failed to exhaust his administrative remedies as to Defendant Lee. The NMHRA claim should be dismissed as to Defendant Lee.

Plaintiff has also named Defendants John Lee and Jon Anderson as defendants in their official capacities. It is well-settled that Title VII does not permit personal capacity suits against individual supervisors. *Haynes v. Williams*, 88 F. 3d 898, 901 (10th Cir. 1996); *Sauers v. Salt Lake County*, 1 F. 3d 1122, 1125 (10th Cir. 1993). Relief under Title VII is against the employer only, not against the individual employees whose actions would constitute a violation of the Act. *Haynes*, 88 F.3d at 899. Thus, the Title VII claims against Defendants Lee and Anderson in their individual capacities should be dismissed.

### IV. CONCLUSION.

Upon review of the record and Plaintiff's charge of discrimination, the Court has determined that Plaintiff's NMHRA claim against Defendant Lee as alleged in Count I should be **DISMISSED.** The Court has further determined that Plaintiff's Title VII claims against Defendants Lee and Anderson in their official capacities should be dismissed. Therefore, no claims against Defendant John Lee remain; he accordingly, should be dismissed from this case.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants John Lee and Jon Anderson's Motion to Dismiss and Memorandum in Support Thereof filed January 8, 2003 *(Doc. 32)* is **GRANTED**.

**IT IS FURTHER ORDERED** that Count I of the Complaint as to John Lee is

**DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Count II of the Complaint as to John Lee and John Anderson is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**